(No. 45035.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY G. WINFIELD, Appellant.

*Opinion filed January 23, 1974.*

Bruce Stratton, District Defender, Illinois Defender Project, of Ottawa (Stephen P. Hurley, Assistant District Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Steven J. Rosenberg, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In October of 1955, the defendant, Larry G. Winfield, pleaded guilty in the circuit court of Will County to an indictment which charged him with armed robbery. More than 14 years later, in December of 1969, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*), seeking to set aside his conviction. After an evidentiary hearing the court denied relief, and the defendant has appealed.

It is contended that the actions of the trial judge and the defendant's attorney deprived the defendant of his right to the effective assistance of counsel, and that "the judge's predisposition of the defendant's guilt coerced the defendant into pleading guilty and effectively deprived the defendant of his rights to plead not guilty, to a jury trial, and to due process of law."

The defendant testified at the post-conviction hearing that he and three of the other participants in the 1955 robbery were arrested inside the store during the robbery, and that he was the last to surrender. The record does not show the fate of the police officer who was shot during the robbery, but one of the robbers, Baker, was shot and died of his wounds. The record is not clear as to whether it was Baker to whom the defendant referred as the fourth robber captured inside the store.

The defendant and his two co-defendants, Gordon and

Hart, were indicted for armed robbery. First Gordon, then the defendant, and then Hart, changed their initial pleas of not guilty to pleas of guilty, and each was sentenced to imprisonment for not less than ten years nor more than life. Each has been admitted to parole. Gordon's whereabouts were unknown at the time of the hearing. Hart is self-employed, and the defendant is again imprisoned, apparently because he violated his parole.

The attorney who had been retained to represent the defendant also represented Gordon. He testified that on the day that Gordon pleaded guilty, he requested a conference with the trial judge and the prosecutor "to find out *** what plea would be acceptable *** and to get the lowest number of years that we could possibly get on the case." Under the indictment the defendants could have been found guilty of robbery, punishable by imprisonment for not less than one nor more than twenty years, or of armed robbery, punishable by imprisonment for not less than one year nor more than life. The judge told the defendant's attorney that if the defendant pleaded guilty to the charge of armed robbery, he would receive a sentence of ten years to life imprisonment. The attorney testified that he so advised the defendant, and also told him that if the case went to trial, the judge would probably impose a longer minimum sentence.

The defendant testified that he then requested his attorney to seek a change of venue. The attorney denied that such a request was made, but testified that on his own initiative he considered asking for a change of venue because he felt that the proposed sentence was very severe. He did not do so because he did not think it would benefit the defendant. He also testified that he thought that he would not be particularly welcome in the judge's court thereafter if he requested a change of venue, but that this consideration did not influence his decision, since if he had been asked to seek a change of venue, he would have withdrawn from the case and let the defendant seek other counsel.

The defendant also testified that his attorney had told him that the judge had said that he would impose a sentence of twenty years to life imprisonment if the case went to trial. His attorney denied this. The defendant also testified that the transcript of the proceedings upon his change of plea erroneously omitted any reference to an assertion which he claimed to have made at that time, to the effect that he had been threatened with a sentence of twenty years to life imprisonment if he did not plead guilty. This testimony was not corroborated. The defendant admitted that he had lied during the coroner's inquest that preceded his arraignment, when he testified that he did not have a gun during the robbery.

In our opinion the defendant's contentions are without merit, and the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*